IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN G. KOVACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Civil Action No. 21-382 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 26th day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff argues that the Administrative Law Judge ("ALJ") erred in her consideration of his subjective complaints and that the ALJ's residual functional capacity ("RFC") determination failed to properly account for the opinion of one of the consultative examiners whom the ALJ had found to be persuasive. The Court disagrees and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

1

Plaintiff asserts that the ALJ based her finding that his subjective reports regarding his impairments were not supported by the record on the following: (1) that the subjective complaints were not consistent with the objective medical findings; (2) that Plaintiff did not report certain of his alleged symptoms to his health care providers; and (3) that Plaintiff was looking for work during 2019. (Doc. No. 18, p. 6). He then argues that none of these factors alone was sufficient to undermine his subjective testimony. However, they were not considered in isolation, but rather along with the entirety of the record.

The Court first notes that an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, though that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining SSR 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character"). The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now.

Regardless, in any event, at no point did the ALJ isolate any of the underlying facts in this case and indicate that this factor alone showed that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the record evidence. Rather, she considered all of the evidence in making her findings. It is axiomatic that an ALJ can, and in fact must, consider consistency with objective medical evidence, including statements made to physicians, in evaluating a claimant's subjective testimony about the intensity, persistence, and limiting effects of his or her symptoms. *See* 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, at *5. Moreover, the ALJ's consideration of Plaintiff's receipt of unemployment benefits in evaluating his testimony was proper. *See Myers v. Barnhart*, 57 Fed. Appx. 990, 997 (3d Cir. 2003). Indeed, she did not in any way imply that Plaintiff was precluded from receiving benefits under the Social Security Act for seeking work or receiving unemployment, but rather, considered this fact as part of her overall analysis, along with the medical evidence, Plaintiff's treatment record, and the medical opinion evidence.

It is important to again note that the ALJ did not rely solely on any one factor in evaluating Plaintiff's testimony, and there was nothing improper about the factors considered by the ALJ in making her findings. It is also important to remember that, while a claimant's testimony regarding his or her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 17) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

Plaintiff next argues that the RFC as crafted by the ALJ did not account for all of his severe impairments because it did not adequately account for the opinion of consultative examiner Haneen Efein, Psy.D. (R. 616-27). In particular, Plaintiff argues that, even though the ALJ found this opinion to be persuasive overall, she did not include in the RFC any limitations that would address Dr. Efein's opinion that he had a marked limitation in his ability to respond appropriately to usual work situations and to changes in a routine work settings. (R. 622). However, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight.'" *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted). This case is a good example of why that is. The ALJ not only found Dr. Efein's opinion to be persuasive in regard to Plaintiff's mental functional capacity, she also found the opinion of state agency psychological consultant George Ondis, Ph.D. (R. 87-103), to be persuasive and that of state agency psychological consultant Edward Jones, Ph.D. (R. 71-85), to be partially persuasive. (R. 30-31). Drs. Ondis and Jones, however, opined that Plaintiff was only moderately limited in his ability to respond appropriately to changes in the work setting. (R. 83, 100). The ALJ could not, then, have adopted all parts of all of the opinions she found to be persuasive, as they were not even consistent with one another.

What the ALJ did do was to consider each of these opinions, in light of all of the record evidence, in formulating Plaintiff's RFC, just as she was required to do. *See Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) ("Surveying the medical evidence to craft an RFC is part of an ALJ's duties."). The ALJ very clearly addressed Plaintiff's restrictions in regard to responding to work situations and changes, limiting Plaintiff to a low-stress working environment, which she defined as including goal-oriented work rather than production rate work with no more than occasional and routine changes in the work setting, meaning it would not require alteration in the work method. (R. 27). Such a limitation certainly addressed and balanced the opinions of Drs. Efein, Ondis, and Jones, as well as the other evidence of record.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. The Court will therefore affirm.

3